USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,                    :
                                             :              16-CR-358 (VEC)
                -against-                     :
                                             :                  ORDER
JOSE MARRERO,                                :
                                             :
                        Defendant.           :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 7, 2017, the Court sentenced Mr. Marrero to 90 months' imprisonment and a three-year term of supervised release for possession with intent to distribute cocaine, *see* Judgment, Dkt. 26, at 2–3;

WHEREAS in departing downward from the Guidelines range, the Court credited Mr. Marrero's cooperation with the Bronx District Attorney's Office in helping to exculpate a man wrongly convicted of murder, *see* Sentencing Hearing Tr., Dkt. 27, at 5, 9–10, and noted that Mr. Marrero's designation as a career offender under the Guidelines rendered his recommended sentence excessive even absent Mr. Marrero's cooperation, *see id.* at 10;

WHEREAS on November 25, 2020, the Court granted Mr. Marrero's motion for compassionate release based on, *inter alia*, preexisting medical conditions that elevated his risk of serious and potentially fatal complications if he contracted COVID-19, the increased severity of his sentence in light of the COVID-19 pandemic, his lack of danger to the community, his lack of disciplinary incidents and ability to remain drug-free throughout his period of incarceration, and his completion of drug treatment, *see* Compassionate Release Order, Dkt. 39;[1]

---

[1]    In view of this Order, Judge Pauley granted Mr. Marrero's motion for compassionate release with respect to a separate criminal sentence for violating the terms of his supervised release. *See* Order, *United States v. Marrero*, 09-CR-0557 (WHP), Dkt. 27 (S.D.N.Y. Dec. 16, 2020). Judge Pauley ordered 30 months of post-release supervision to be served concurrently with the supervision imposed in this case. *Id.*

WHEREAS the Court therefore reduced Mr. Marrero's term of incarceration to time served plus not more than 14 days, amounting to a sentence of approximately 58 months, and added as a special condition to his supervised release that he be subject to home confinement for the first six months following his release, *id.* at 10–11;

WHEREAS on January 30, 2023, Mr. Marrero moved for early termination of his supervised release on the grounds that he has served over two thirds of his supervised release term, has fully complied with his terms of release, including by abstaining from drug use and crime, has obtained employment and housing, has earned the Probation Department's trust through his good behavior, and hopes to relocate to Colorado, *see* Mot., Dkt. 45;[2]

WHEREAS on February 9, 2023, the Government opposed Mr. Marrero's motion because full compliance with the terms of supervised release is insufficient to warrant early termination of supervision, Mr. Marrero's sentence was already significantly reduced when the Court granted his motion for compassionate release, Mr. Marrero's future term of supervision could be transferred to the District of Colorado, and Mr. Marrero's criminal history and failure to advance exceptional circumstances that would warrant early termination weigh against granting his motion, *see* Gov't Opp., Dkt. 48; and

WHEREAS this Court has broad discretion when deciding a motion to terminate a term of supervised release but must determine whether "such action is warranted by the conduct of the defendant released and the interest of justice" and must consider the section 3353(a) sentencing factors, 18 U.S.C. §§ 3583(c), (e)(1); *see also United States v. Weiss*, No. 21-CR-457 (PMH), 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (citing *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016)); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010);

---

[2]     Mr. Marrero also filed his motion in the separate criminal case previously before Judge Pauley.  *See* Motion, *United States v. Marrero*, 09-CR-0557 (WHP), Dkt. 29 (S.D.N.Y. Jan. 31, 2023).

IT IS HEREBY ORDERED that Mr. Marrero's motion for early termination of his

supervised release is DENIED.  Although the Court commends Mr. Marrero for complying with

his conditions of supervision, for leading a drug-free life, and for maintaining gainful

employment since he was released from prison, such compliance alone is insufficient to warrant

early termination of his supervised release.  *See, e.g.*, *United States v. Sam*, No. 16-CR-184

(JGK), 2017 WL 455511, at *1 (S.D.N.Y. Jan. 20, 2017) (noting that the defendant's compliance

with the terms of her supervised release was "to be expected and is not a basis alone to terminate

supervised release") (quoting *United States v. Green*, No. 09-CR-1175 (JGK), 2014 WL

4817745, at *1 (S.D.N.Y. Sept. 25, 2014)); *United States v. McKay*, 352 F. Supp. 2d 359, 361

(E.D.N.Y. 2005) (noting that a defendant's flawless prison record and compliance with the terms

of supervision were "commendable" but did not constitute the "exceptional behavior"

contemplated to warrant early termination).

The Court also appreciates Defendant's desire to leave New York and start fresh in

Denver, Colorado, but that is also not a sufficient reason to terminate his supervised release

early.  *See United States v. Lagone*, No. 10-CR-818 (JFB), 2017 WL 606016, at *4 (E.D.N.Y.

Feb. 15, 2017) (denying a defendant's motion for early termination of supervised release

because, *inter alia*, the defendant had not applied to have his remaining supervised release term

transferred to the district in which he hoped to seek employment and live).  The Court would not

object, however, to transferring Defendant's remaining term of supervision to the District of

Colorado should he be able to secure employment and housing there.

The Court is encouraged by Mr. Marrero's conduct following his early release, and urges

him to continue on the path of being a sober, law-abiding citizen.  The Court nevertheless denies

Mr. Marrero's motion for the reasons discussed above.  The Clerk of Court is respectfully

directed to close the open motion at docket entry 45.

**SO ORDERED.**

**Dated: February 14, 2023**
     **New York, NY**

_____
        **VALERIE CAPRONI**
     **United States District Judge**